IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| PROSHIPLINE, INC., ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-4170 |
| | § | |
| M/V BELUGA REVOLUTION, ET AL. | § | |

## OPINION AND ORDER

On December 14, 2007, this Court conducted a Hearing on the Motion of Defendant, Aspen Infrastructures, Ltd., (Aspen) to vacate the Writ of Attachment issued by this Court on December 10, 2007, under Admiralty Rule B, at the verified request of Plaintiffs, EP-Team, Inc. and ProShipLine, Inc. (ProShipLine). The Writ provides for the attachment of Aspen's property aboard the M/V BELUGA REVOLUTION to perfect in personam jurisdiction over Aspen and to provide security for any potential judgment on its breach of contract claim arising from the alleged breach by Aspen of its Sales and Logistics Services Agreement with ProShipLine.

The Parties concede that Aspen is present in this district in the "jurisdictional" sense as a result of its substantial and ongoing commercial activities here. See Oregon Lumber Expert Co. v. Thoto Shipping Co., Ltd., 53 F.R.D. 351, 352 (W.D. Wash. 1970)  Therefore, the sole issue before the Court is whether Aspen is present in this district for service of process.

Initially, the Court finds that the affidavit attached to ProShipLine's verified complaint is, most likely, inadequate to support the issuance of a Writ of Attachment because it fails to state that "the Defendant cannot be found withing the district" as specifically required by Admiralty Rule B(1)(b).

Secondly, and most importantly, the Court finds that Aspen maintains a general agent within this district who could be served with process. The evidence developed at the Hearing established that following the termination of the contract made the basis of this litigation, General Maritime Agency, Inc., (GMA), with offices located at 11730 Jones Drive in Houston, Texas, was engaged as the general agent for Aspen and has continually and openly performed services consistent with that engagement including, but not limited to, booking and contracting for cargo, paying for necessaries, arranging for stevedores and surveyors, collecting for and dispersing monies to Aspen, and handling needed customs services. Consequently, GMA was the agent performing the activities within this district which made Aspen amenable to this Court's jurisdiction, hence, its general agent. See Green v. Compania De Navigacion Isabella, Ltd., 26 F.R.D. 616, 618 (S.D. N.Y. 1960)   GMA, therefore, qualifies as a manageing agent for purposes of service of process under Rule 4(h) of the Federal Rules of Civil Procedure. See Mattes v. National Hellenic Am. Line, S.A., 427 F.Supp. 619, 630 (S.D. N.Y. 1977)   It is inmaterial that GMA is not expressly authroized by Aspen to accept service of process on its behalf. Stefanakis v. Sociedad Maritimas Nicolas, S.A., 102 F.Supp. 544 (S.D. N.Y. 1952) Moreover, from the evidence it is clear that had GMA been served with process in this lawsuit, it would have forwarded the summons and complaint to its principle, Aspen. Cf. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688-89 (9th cir. 1988)

The Court further finds that ProShipLine failed to use deligence to determine that Aspen could be found within the district. ProShipLine had a duty to make reasonable efforts to locate Aspen's general agent in this district before resorting to a Rule B attachment. Sociedad Transoceanica C. v. IntraAmerican Refin. Corp., 185 F.Supp. 294, 297 (D. N.J. 1960)   Had

ProShipLine exercised due diligence, it would have found Aspen's local general agent. ProShipLine already had actual knowledge of the past services being indirectly performed by GMA on behalf of Aspen's interests under ProShipLine's contract with Aspen and could have very easily determined that after the contract had been terminated GMA had taken on the direct responsibilities for the continuation of those services. Attachment is precluded under Admiralty Rule B if the Defendant has sufficient contacts with the district, which ProShipLine concedes, and the Defendant can be found within the geographical confines of the district for service of process. Aqua Stoli Shipping, Ltd. v. Gardner Smith PTY, Ltd., 460 F.3d 434, 443 ($2^d$ Cir. 2006)    Since Aspen's contact with this district satisfies both of those preclusive requirements, the Rule B Writ of Attachment was improperly issued.

    For all of the foregoing reasons, it is the **ORDER** of this Court that the Writ of Attachment previously issued by this Court pursuant to Admiralty Rule B is **VACATED** and the Writ is **RECALLED**.

    **DONE** at Galveston, Texas, this _____18th_____ day of December, 2007.

John R. Froeschner
United States Magistrate Judge