IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROSHIPLINE, INC., *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-07-4170 |
| M/V BELUGA REVOLUTION, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, ProShipLine and EP-Team, Inc. (together, "ProShipLine") filed an objection to the Magistrate Judge's opinion and order vacating the court's prior order issuing a writ of attachment and recalling the writ.[1] (Docket Entry No. 18). Aspen Infrastructures, Ltd. f/k/a Suzlon Infrastructures, Ltd. ("AIL") filed a response. (Docket Entry No.23). The court has carefully reviewed the opinion and order and objection. *See O'Neal v. Cazes*, No. 06-31004, 2007 WL 2875998, at *6 (5th Cir. Oct. 1, 2007); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995). For the reasons explained below, the objection is overruled and the opinion and order affirmed.

**I.     Background**

On December 7, 2007, ProShipLine filed a motion for issuance of a writ of attachment under Admiralty Rule B, seeking attachment of property owned by AIL located aboard the

---

[1] The plaintiffs filed a document titled "Plaintiff's Response to Magistrate Judge's Opinion and Order." The court construes this filing as an objection to the Magistrate Judge's opinion and order.

M/V BELUGA REVOLUTION.  (Docket Entry No. 2).  The Magistrate Judge issued the order on December 10, 2007, to provide security for a potential judgment on ProShipLine's breach of contract claim against AIL under a maritime contract.  (Docket Entry No. 5).  AIL moved to vacate the writ of attachment on the basis that it was present in the district.  The Magistrate Judge held an evidentiary hearing on December 14, 2007.  The hearing included testimony by Robert Gutierrez of General Maritime Agency, Inc., a full-service steamship agency that performed work for AIL.  The issue was whether ALI had a general agent in this district.  (Docket Entry No. 21).

On December 18, 2007, the Magistrate Judge issued an opinion and order vacating the attachment and recalling the writ.  (Docket Entry No. 18).  The Magistrate Judge held that AIL was present in the Southern District of Texas for purposes of Rule B because General Maritime served as AIL's general agent within the district.  The Magistrate Judge found that General Maritime "was engaged as the general agent for Aspen and has continually and openly performed services consistent with that engagement including, but not limited to, booking and contracting for cargo, paying for necessaries, arranging for stevedores and surveyors, collecting for and dispersing monies to Aspen, and handling needed customs services."  (*Id.* at 2).  The Magistrate Judge also noted that the affidavit attached to ProShipLine's verified complaint was inadequate to support the issuance of a writ of attachment because it failed to state that AIL could not be found with the district, as required by Admiralty Rule B(1)(b).  (*Id.* at 1).

2

On January 3, 2008, ProShipLine field a response to the Magistrate Judge's opinion and order asking that the matter be remanded to the Magistrate Judge to conduct additional fact-finding. (Docket Entry No. 22). ProShipLine asserts that Gutierrez's testimony shows that General Maritime may have been operating as a subagent, not as a general agent, because "when Gutierrez was asked who his contract was at Aspen, he did not provide the name of any Aspen employee but instead testified that his contact was a person named Anil Gupta with a company called 'Marco Trans.'" (*Id.* at 2). ProShipLine argues that if General Maritime was acting as a subagent, this would be insufficient to show that AIL "may be found" in the Southern District of Texas for the purposes of Rule B. (*Id.*). AIL filed a reply to ProShipLine's response. AIL noted that ProShipLine had ample opportunity to investigate the relationship between AIL and General Maritime and cross-examine Gutierrez and that the record is sufficient to show that General Maritime was AIL's general agent. (Docket Entry No. 23).

## II.     The Standard of Review

Under Federal Rule of Civil Procedure 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 10 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also O'Neal*, 2007 WL 2875998, at *6; *Castillo*, 70 F.3d at 385.

## III.   Analysis

Under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, in an *in personam* action, "if a defendant is not found within the district, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property – up to the amount sued for – in the hands of garnishees named in the process." Rule B "allows a district court to take jurisdiction over a defendant in an admiralty or maritime action by attaching property of the defendant." *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 421 (5th Cir. 2001).  A defendant is "not found within the district" if "the defendant is neither subject to the jurisdiction of the district court nor amenable to service of process within the district." *Submersible Systems, Inc.*, 249 F.3d at 421; *accord Heidmar, Inc. v. Anomina Ravennate Di Armamento Sp.A. of Ravenna*, 132 F.3d 264, 268 (5th Cir. 1998); *LaBanca v. Ostermunchner*, 664 F.2d 65, 67 (5th Cir.1981).

Federal Rule of Civil Procedure 4(h)(1) provides that service of process may be made upon a corporation through "a managing or general agent" of the corporation.  "A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004); *accord*

*Grammenos v. Lemos*, 457 F.2d 1067, 1073 (2d Cir. 1972). The exclusivity of the agency relationship is also relevant. *Bridgeport Music*, 376 F.3d at 624.

ProShipLine cites *Serpe v. Eagle Ocean Transport Agency Co.*, 53 F.R.D. 21 (E.D. Wisc. 1971) as support for its argument that General Maritime may not be a general agent of AIL and that, as a result, AIL may not be "found" within the Southern District of Texas. In *Serpe*, the defendant appointed a corporation based in New York to act as its sole general agent in the United States. *Id.* at 22. The New York corporation appointed a Wisconsin corporation "to perform certain limited duties" for the defendant when the defendant's vessels were in Wisconsin ports, including "being in attendance at loading and unloading, attending to the solicitation of cargo to be carried about the vessels and to purely local crew matters that might arise in Wisconsin ports and handling customs and immigration matters." *Id.* The Wisconsin corporation was not authorized by either the New York corporation or the defendant "to exercise any general powers involving judgment or discretion, to do any chartering of any vessels of the Owner, to decide or determine freight rates or ports of call or the nature of the cargo to be carried or to accept service of process on behalf of the Owner." *Id.* The court found that "[t]he weight of authority holds that a mere sub-agent or husbanding agent, charged with duties such as those performed by [the Wisconsin corporation], is not deemed to have the status of managing agent authorized to accept service of process that would bind the corporation owning the vessel." *Id.*

The record in this case supports the Magistrate Judge's determination that AIL maintained a general agent within this district that could be served with process. (Docket

Entry No. 18 at 2). In contrast to the subagent in *Serpe*, General Maritime had significant discretion to act on AIL's behalf with respect to a wide range of duties, including booking and contracting for cargo, paying for necessaries, arranging for stevedores and surveyors, collecting money and dispersing it to AIL, and handling customs services. (Docket Entry No. 21 at 6, 32–33, 38–40). General Maritime was AIL's exclusive agent in the United States. (*Id.* at 31). ProShipLine's assertion that "when Gutierrez was asked who his contract was at Aspen, he did not provide the name of any Aspen employee but instead testified that his contact was a person named Anil Gupta with a company called 'Marco Trans'" does not support its argument that General Maritime was a subagent. Gutierrez also testified that he dealt with Sanjeev Gangad, AIL's president. The evidence as to the nature and extent of General Maritime's duties for AIL show a general agency relationship. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004).

ProShipLine's objection is overruled. The opinion and order are affirmed.

SIGNED on February 19, 2008, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge