IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROSHIPLINE, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-4170 |
| | § | |
| M/V BELUGA REVOLUTION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This court has reviewed the Report and Recommendation of the United States Magistrate Judge signed on May 16, 2008. No objections have been filed. This court has made a *de novo* determination of the Magistrate Judge's recommended disposition. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Based on that determination, this court adopts the Report and Recommendation as the order of this court. Accordingly, the motion for reconsideration filed by ProShipLine and EP-Team, Inc. (together, "ProShipLine") is denied as moot, and the motion for entry of final judgment filed by Aspen Infrastructures, Ltd. f/k/a Suzlon Infrastructures, Ltd. ("AIL"), is granted by the filing of an order of dismissal. The reasons are explained below.

**I.    Background**

This suit was brought by ProShipLine to obtain jurisdiction over AIL and to provide security for a potential judgment on ProShipLine's breach of contract claim against AIL under a maritime contract. On December 7, 2007, ProShipLine filed a motion for issuance

of a writ of attachment under Admiralty Rule B, seeking attachment of property owned by AIL located aboard the M/V BELUGA REVOLUTION.  (Docket Entry No. 2).  The Magistrate Judge issued the order on December 10, 2007. (Docket Entry No. 5).  AIL moved to vacate the writ of attachment on the basis that it was present in the district.  The Magistrate Judge held an evidentiary hearing on December 14, 2007.  (Docket Entry No. 21).  On December 18, 2007, the Magistrate Judge issued an opinion and order vacating the attachment and recalling the writ on the ground that AIL had a general agent in this district. (Docket Entry No. 18).  ProShipLine objected to the Magistrate's opinion and order. (Docket Entry No. 22).  On February 19, 2008, this court overruled the objection and affirmed the opinion and order.  (Docket Entry No. 26).

AIL has moved for entry of final judgment.  (Docket Entry No. 27).  ProShipLine opposes entry of final judgment and has filed a motion for reconsideration of this court's order affirming the Magistrate Judge's opinion and order on the basis of newly discovered evidence.  (Docket Entry Nos. 28, 29).  This court referred these motions to the Magistrate Judge.  On May 16, 2008, the Magistrate Judge issued a Report and Recommendation recommending that ProShipLine's motion for reconsideration be denied as moot and that AIL's motion for entry of final judgment be granted.  (Docket Entry No. 38).

**II.    Analysis**

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).   The


property that ProShipLine sought to attach is no longer present in this district. ProShipLine concedes that "the vessel named herein has sailed along with the property Plaintiffs sought to attach." (Docket Entry No. 28 at 4).

ProShipLine asserts that this case is not moot because it anticipates that AIL will use this court's February 19, 2008 memorandum and order "to continue to attack legitimate Rule B attachment efforts by Plaintiffs." (Docket Entry No. 29 at 4; Docket Entry No. 36 at 3). This court's February 19, 2008 memorandum and order addressed a narrow question: whether based on the record then before the court, AIL had a general agent in this district. Whether ProShipLine succeeds in a future Rule B attachment proceeding against AIL in this district will depend on whether ProShipLine submits evidence that AIL can be "found" within the district at that time. ProShipLine has failed to identify any legally cognizable interest that is not moot. *See Pride Shipping Corp. v. Tafu Lumber Co.*, 898 F.2d 1404, 1409–09 (9th Cir. 1990) ("What Pride was entitled to, if anything, was an attachment of the bunkers of the M/V Nova Eagle. Once the bunkers were gone, that right to attach left with them."); *Capital Bancshares, Inc. v. North Am. Guaranty Ins. Co.*, 433 F.2d 279, 283 (5th Cir. 1970) ("[T]he question of the attachments is moot – the funds have been withdrawn, and Insurance Company has no other assets in Louisiana.").

## III.   Conclusion

This court adopts the Report and Recommendation of the Magistrate Judge as this court's Memorandum and Opinion. ProShipLine's motion for reconsideration is denied as

moot.  AIL's motion for leave to file is also denied.  AIL's motion for entry of judgment is granted by entry of an order of dismissal.

   SIGNED on July 2, 2008, at Houston, Texas.

           _____
              Lee H. Rosenthal
             United States District Judge